UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIMMEE CHEA,

    Petitioner,

v.

SCOTT FRAKES,

    Respondent.

No. C09-5627BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 15) and Petitioner Jimmee Chea's ("Chea") Objection to Report and Recommendation (Dkt. 16). The Court has considered the Report and Recommendation, Chea's objections, and the remaining record, and hereby adopts the Report and Recommendation for the reasons stated herein.

On October 7, 2009, Chea filed a petition for writ of habeas corpus. Dkt. 1. On April 2, 2010, the Magistrate Judge issued a Report and Recommendation (Dkt. 15) denying the petition because two of the grounds Chea relied on for relief remained unexhausted and thus procedurally barred, and the remaining grounds for relief were without merit. Dkt. 15 at 33.

On March 24, 2010, Chea filed his objections to the Magistrate Judge's Report and Recommendation, however has failed to make a *specific* objection. Dkt. 16. Rather, Chea objects to the Report and Recommendation "in its entirety because it essentially adopts the position of the state on every ground without giving careful review of what the defense has

ORDER – 1

presented." *Id*. Chea then states that the district court "should carefully review the record in its entirety, and for the reasons presented in [Chea's] Petition for writ of Habeas Corpus, this Court should grant the writ and vacate [Chea's] conviction." *Id*.

A general objection to the entirety of a magistrate's report, without specifying a single issue of contention, "has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). The court in *Howard* explained further, that when no specific objection is made

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id*. (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)). Where no objections to the magistrate's report have been filed, the district court may give the review it deems appropriate. *Webb v. Califano*, 468 F. Supp. 825 (E.D. Cal. 1979); 28 U.S.C. § 636(b)(1).

Here, Chea's objection to the entirety of the Magistrate Judge's Report and Recommendation and instruction to the Court to review his original petition does not constitute a specific objection. *Howard*, 932 F.2d at 509.

Therefore, it is hereby **ORDERED** that:

(1) The Court **OVERRULES** Chea's objections;

(2) The Court **ADOPTS** the Report and Recommendation; and

(3) Chea's petition is **DENIED**.

DATED this 7th day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2